NO. 07-10-00272-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2010

RICHARD N. PATE, APPELLANT

v.

CHASE HOME FINANCE, LLC, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY;

NO. CA-10-004; HONORABLE JERRY BUCKNER, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Richard N. Pate, filed his notice of appeal on June 9, 2010. By letter dated June 14, 2010, the Second Court of Appeals notified Pate that it had received his notice of appeal and informed Pate of his duties regarding preparation of the court reporter's record. On July 13, 2010, the Second Court Of Appeals informed Pate that his appeal had been transferred to this Court by order of the Texas Supreme Court and that all future correspondence was to be addressed to this Court.

On August 3, 2010, this Court provided Pate with a thorough explanation of his obligations under the Texas Rules of Appellate Procedure regarding the clerk's and

reporter's records. We alerted Pate of his failure to pay or make arrangements to pay for the preparation of the clerk's record as well as his failure to request the reporter's record. See TEX. R. APP. P. 35.3(a)(2), (b)(2). By that same letter, we also gave Pate the opportunity to pay or make arrangements to pay for the preparation of the clerk's record and to request preparation of the reporter's record. See TEX. R. APP. P. 37.3(b), (c). We informed Pate that his continued failure to make the appropriate arrangements by September 2, 2010, could result in the dismissal of his appeal for want of prosecution. See TEX. R. APP. P. 37.3(b). Also on August 3, we granted the clerk's and court reporter's motions for extension of time to file their respective records based on Pate's failure to pay or make arrangements to pay for preparation of the clerk's record and his failure to request preparation of the reporter's record.

To date, Pate has not responded to our letter. Nor have we received any indication from either the trial court clerk or the court reporter that Pate has made satisfactory arrangements regarding preparation of the records. To the contrary, we have received a motion from the trial court clerk requesting further extension of time in which to file the clerk's record based on Pate's failure to pay or make arrangements to pay for the preparation of the clerk's record. Likewise, the court reporter has sought further extension of time based on Pate's failure to request preparation of the reporter's record.

Having given Pate a reasonable opportunity to cure and having received no indication of his effort to do so, we dismiss this appeal for want of prosecution. TEX. R.

APP. P. 37.3(b), 42.3(b). We deny as moot the clerk's and court reporter's motions for extension of time to file their respective records.


Mackey K. Hancock
Justice